DOVER MOTORS CORPORATION *v.* NORTH & SOUTH MOTOR LINES, INC., and R. E. NORRIS.

*(May* 15, 1937.)

HARRINGTON, J., sitting.

*Ernest Keith* for R. E. Norris.

*William J. Storey* for Dover Motors Corporation.

Superior Court for Kent County, No. 130, July Term, 1936.

HARRINGTON, J., delivering the opinion of the Court:

A judgment entered on a warrant of attorney contained in a note or bond must be in strict conformity with its provisions. *Woolley's Del. Practice,* §§ 793, 794, 795.

The note in question was signed

"NORTH & SOUTH MOTOR LINES, INC. (L. S.)
"R. E. NORRIS, PRES. (L. S.)"

but it is not claimed that Norris signed it individually, or other than as President of North & South Motor Lines, Inc., the maker. See *Rev. Code* 1935, §§ 3143, 3144.

The warrant of attorney contained in the note, on

which the judgment questioned was confessed, provided: "undersigned authorizes any ........ Clerk, Prothonotary or Attorney of any Court of Record, without process, ........ to appear and to confess judgment on the above obligation ........ against the undersigned, at the suit of the holder of this note ........."

The name "R. E. Norris" appeared on the back of the note, but, as it is conceded that he merely signed it in his representative capacity, and not as a joint maker, the warrant of attorney, authorizing the confession of judgment, could not apply to him.

As we have seen, that part of the note authorized the confession of judgment "against the undersigned," which could only apply to a maker. The note, on which the judgment was confessed, was a part of the record, so this defect was apparent on its face.

Pursuant to the prayer of the petition, the judgment must, therefore, be stricken off so far as R. E. Norris is concerned. See *Smulski v. H. Feinberg Furniture Co.*, 8 *W. W. Harr.* (38 *Del.*) 451, 193 *A.* 585.